UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Quashawn Sheridan,<br><br>       Plaintiff,<br><br>vs.<br><br>Federal Agents, et al.,<br><br>       Defendant. | Case No: 2:25-cv-00974-JAD-MDC<br><br>**ORDER TO PAY THE FILING FEE OR FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS** |

Incarcerated pro se plaintiff Quashawn Sheridan filed a complaint, but he did not pay the filing fee or file an application to proceed in forma pauperis.

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff must pay the full filing fee or file an application to proceed in forma pauperis." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Plaintiff must pay the full filing fee or file an application to proceed in forma pauperis that complies with the PLRA.

Effective December 1, 2025, NNCC, LCC, HDSP, SDCC, and TLVCC inmates filing lawsuits in the U.S. District Court for the District of Nevada are directed to apply for in forma pauperis status using the form titled "Application to Proceed In Forma Pauperis by an Inmate at NNCC, LCC, HDSP, SDCC, or TLVCC.

ACCORDINGLY,

IT IS SO ORDERED that:

1. Plaintiff has until **January 16, 2026**, to pay the filing fee in full or file an application to proceed in forma pauperis.

2. Plaintiff shall not file any documents with the Court until he has either paid the full filing fee, or the Court has approved his application to proceed in forma pauperis and screened his complaint. Any documents filed in violation of this Order will not be acted upon by the Court and may be struck *sua sponte* from the docket.

3. Plaintiff has neither paid the full $405 filing fee for this case nor submitted a completed application to proceed in forma pauperis on this court's approved form. See 28 U.S.C. §§ 1914, 1915(a)(1)–(2); Nev. Loc. Special R. 1-2.

4. The Clerk of the Court will send to Plaintiff the approved form application to proceed in forma pauperis by an inmate at NNCC, LCC, HDSP, SDCC, or TLVCC and instructions for the same.

5. Failure to comply with this order may result in dismissal of this case.

IT IS SO ORDERED.

DATE: December 9, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.